UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH NARES,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 22-cv-07497-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 20 |

    Jeremiah Nares's claims arise from events that took place on May 31, 2020, when Nares participated in a protest following George Floyd's death. Nares alleges that during the protest, an unnamed San Francisco police officer used excessive force against him (shooting Nares with a "less lethal firearm") and retaliated against Nares's free speech. FAC ¶¶ 25, 35. Nares seeks damages from the City and County of San Francisco (CCSF) under 42 U.S.C. § 1983.

    CCSF has moved to dismiss Nares's claims, asserting that the claims are time barred. Nares filed his complaint on November 28, 2022, two-and-a-half years after his claims accrued. Under the two-year statute of limitations, Nares's claims are indeed time barred—even though the statute of limitations was temporarily tolled by a state emergency rule that applied during the COVID-19 pandemic. The Court will grant CCSF's motion to dismiss.

* * *

    Nares maintains that his claims accrued on June 1, 2020, the day after the protest in which he participated. CCSF asserts that Nares's claims accrued on May 31, 2020, the day of the protest. Even taking Nares's June 1 date as the accrual date, Nares's claims are time barred.

    When § 1983 claims are filed in federal court in California, the State's statute of limitations

for personal injury actions governs. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). The State's tolling rules also apply. *See id.*

California's statute of limitations for personal injury actions is two years. *See* Cal. Civ. Proc. Code § 335.1. During a portion of the COVID-19 pandemic, California tolled this limitations period. Under Emergency Rule 9(a), which the Judicial Council of California adopted, "statutes of limitations . . . that exceed[ed] 180 days [were] tolled from April 6, 2020, until October 1, 2020." Cal. Rules of Court, App. I, Emergency Rule 9(a).

Both sides (Nares and CCSF) agree that Rule 9(a) applies here. But even under Rule 9(a), Nares filed his claims too late. Nares's claims accrued on June 1, 2020, a date that fell within the band of time covered by Rule 9(a). Nares's claims were thus tolled immediately and remained tolled until October 1, 2020, per Rule 9(a). Starting from that day, Nares had two years to file his complaint. His complaint was due on Monday, October 3, 2022, the first weekday after the limitations period had run. *See* Cal. Civ. Proc. Code § 12a; Cal. Gov't Code § 6700(a)(1). Nares didn't meet this deadline. He filed his complaint nearly two months later, on November 28, 2022.

Nares contends that he filed his complaint on time. To reach this result, he argues that under Rule 9(a), he was entitled to 178 days of tolling, from April 6, 2020, to October 1, 2020. Starting from his accrual date, June 1, 2020, he adds 178 days of tolling (which gets him to November 26, 2020) plus two years under the statute of limitations. Using this math, he arrives at Saturday, November 26, 2022, as the limitations deadline, and Monday, November 28, 2022 (the next weekday), as the date on which his complaint was due.

Nares's calculations are flawed because Rule 9(a) didn't toll his claims for 178 days. Rule 9(a) tolled his claims from the accrual date, June 1, 2020, to when the tolling period ended, on October 1, 2020. This period spanned 122 days. If Nares's claims had accrued on April 6, 2020, the first day of the tolling period, then his claims would have been tolled for 178 days. But Nares's claims didn't accrue until 56 days after April 6, 2020, on June 1, 2020.

Nares cannot benefit from tolling that predated his accrual date. Tolling pauses a statute of limitations that would otherwise be running. *See Lantzy v. Centex Homes*, 31 Cal. 4th 363,

370 (2003) ("[T]he limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded.") (emphasis omitted). Tolling is inapplicable before the accrual date, which is when the statute of limitations starts to run. *See Spear v. Cal. State Auto. Assn.*, 2 Cal. 4th 1035, 1040 (1992).

* * *

Even though the governing statute of limitations was temporarily tolled when Nares's claims accrued, the limitations period still expired—post tolling—before Nares filed his complaint. Nares's complaint was due on October 3, 2022, but not filed until November 28, 2022. Nares's claims are therefore time barred, and his complaint must be dismissed with prejudice.

The Court grants CCSF's motion to dismiss and directs the Clerk of the Court to enter judgment for CCSF and to close the case file.

**IT IS SO ORDERED.**

Dated: April 25, 2023

Alex G. Tse
United States Magistrate Judge